In the Matter of the Estate of ALICIA L. LAIRD, Deceased.*

Surrogate's Court, New York County, January 11, 1932.

*Otterbourg, Steindler & Houston* [*Charles A. Houston* and *Mayer L. Halff* of counsel], for the petitioner.

*McLaughlin, Russell & Bullock*, for the respondent.

FOLEY, S.  This is a proceeding for a compulsory accounting. A preliminary issue arises by reason of the denial by the executor, John A. Laird, of the petitioner's claim that it is a creditor of the estate.  The determination of its status is, therefore, necessary. I hold that within the terms of the contract between the decedent and the petitioner, I. Tanenbaum Son & Co., an actual occupancy by S. & W. Bauman, Inc., of the premises in question was contemplated by the parties.  The continuation of S. & W. Bauman, Inc., as a tenant in actual occupancy and not in legal possession, was clearly an element of such contract.  That continuation was likewise an important factor under the terms of the contract between S. & W. Bauman, Inc., and the petitioner.  The contract between the decedent, as owner, and the petitioner, which installed the sprinkler equipment, provides in paragraphs fourth and fifth as follows:

" *Fourth*. The parties further agree that if said S. & W. Bauman, Inc., shall exercise the above referred to option for a further tenancy

---

* Affd., 236 App. Div. 053.

of four years from May 1, 1922, and shall remove from and cease to occupy said premises at any time before the expiration of said renewal, that is to say, before May 1, 1926, said owner shall, upon such removal, purchase said sprinkler equipment from said contractor, and said contractor shall sell said sprinkler equipment to said owner for the sum of Three thousand ($3,000) Dollars.

" *Fifth.* The parties further agree that if said S. & W. Bauman, Inc., shall continue to lease and hire said premises from and after May 1, 1926, for a further period of five years expiring May 1, 1931, and shall remove from and cease to occupy the said premises before May 1, 1931, or shall remain therein until May 1, 1931, then, either upon the removal of said S. & W. Bauman, Inc., at any time before May 1, 1931, or on May 1, 1931, as the case may be, said owner shall purchase said sprinkler equipment from said contractor and said contractor shall sell and deliver said sprinkler equipment to said owner for the sum of Twelve hundred and fifty ($1250) dollars."

The testimony shows that S. & W. Bauman, Inc., removed from and ceased to occupy the premises prior to May 1, 1926, and not subsequent thereto. This is clearly established by the witnesses Hengsbach and Schroll. The removal by the tenant before that date definitely fixed the liability of the decedent to pay for the sprinkler system at the rate fixed in paragraph fourth of the contract. The benefits which flowed to the petitioner from its agreement with the tenant resulted from the continued occupancy by the tenant in the premises during the periods specified and the consequent profits from insurance premiums earned by the petitioner from time to time. The graduated purchase price agreed to be paid by the decedent for the automatic sprinkler system was also based upon the continuance in actual possession of S. & W. Bauman, Inc., in the premises. The removal of S. & W. Bauman, Inc., from the premises necessarily terminated the insurance which it contracted to pay for under the terms of its agreement with the petitioner. The time of such removal was the determining factor which fixed the purchase price for which the decedent became liable. The petitioner never yielded its claim against the decedent or her estate, and, therefore, the cases cited by counsel for the estate have no application. While there appears to be some correspondence tending to show the assumption by the Development Leasehold Corporation of the liability of the decedent, there is no evidence that the petitioner at any time released the decedent from such liability. The decedent could have relieved herself of all liability under the contract had she executed the proposed consent submitted to her by the petitioner in March, 1927, canceling and releasing her agreement with the petitioner. She

refused to execute the consent. Her contract with the petitioner must, therefore, be held to have remained in full force and effect. Furthermore, she has received the benefit of the automatic sprinkler system in her premises, and in fairness and in equity she should be required to pay for it. Neither does the fact that the premises were, subsequent to the removal of S. & W. Bauman, Inc., occupied by the Development Leasehold Corporation, with whom a separate agreement was made by the petitioner for the procurement of its insurance, affect the contract entered into by the decedent with the petitioner. The former instrument was based upon a lesser amount of insurance and a lower rate, with a resultant smaller profit to the petitioner. The occupancy contemplated in the contract between the decedent and the petitioner was that of S. & W. Bauman, Inc., and none other. Nor did the amount collected by the petitioner from S. & W. Bauman, Inc., as liquidated damages for the breach of its contract alter or change the liability fixed in the decedent's contract with the petitioner.

The status of the petitioner as a creditor in the sum of $3,000 has, therefore, been established. The application for a compulsory accounting is granted. Submit order on notice accordingly.